UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

WILLIAM DIGIANNI,

                      Plaintiff,

         -v-

MICHAEL BLOOMBERG, MAYOR OF NEW
YORK CITY; NEW YORK CITY; NEW YORK CITY
DEPARTMENT OF EDUCATION; NEW YORK CITY
TEACHING FELLOWS,

                      Defendants.
--------------------------------------------------------------x

FILED
IN CLERKS OFFICE
U.S
★ MAR 10 2006 ★
P.M. _____
A.M. _____

**MEMORANDUM
AND ORDER**
06-CV-392 (SLT) (LB)

BLOOM, United States Magistrate Judge.

Plaintiff brings this *pro se* action alleging defendants violated the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. §§ 1981, 1983, 1985. Plaintiff has paid the filing fee to bring this action. For the reasons stated below, plaintiff is directed to supplement his complaint as set forth herein within thirty (30) days of receipt of the right to sue letter.[1]

## Background

Plaintiff alleges that he was discriminated against by defendants:[2]

> on the basis of my learning disability when they failed to hire me as a certified teacher through the recruitment and hiring procedures of the Alternative Teacher Certification program, the New York City Teaching Fellows. Specifically, I had been

---

[1] See Fed. R. Civ. P. 15 (d); Flaherty v. Lang, 199 F.3d 607, 613 n.3 (2d Cir. 1999) (quoting Katzman v. Sessions, 156 F.R.D. 35, 37-38 (E.D.N.Y. 1994)) (Where a "plaintiff's proposed additions to his complaint principally recite transactions, occurrences or events that have transpired since the date of the pleading sought to be supplemented," the motion "is technically categorized under Rule 15(d) ...").

[2] Plaintiff's instant complaint is essentially the same, except for the defendants named, as the following complaints that are presently pending. DiGianni v. National Evaluation Systems, Inc., 05-CV-4983 (SLT); DiGianni v. Spitzer et al., 05-CV-5408 (SLT).

1

considered to have been gainfully employed as a certified teacher once they called me back for the second phase of their pre-employment interview process for Alternative Teaching Certification program, the New York City Teaching Fellows (NYCTF) and would have remained gainfully employed as a certified teacher, had they not thrown me out of their program after having called me back to the Second Phase of their interview process when they learned I had a learning disability, and they did so with ill will and deliberate indifference to the harm it would do me.

Complaint at 2, Statement of the Case. Plaintiff seeks monetary damages and injunctive relief.

## Discussion

### Conditions Precedent to Filing a Civil Action

A Title VII or ADA plaintiff is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue notice before bringing a Title VII claim in federal court. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). The Second Circuit has consistently held, "exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (citation and internal quotation marks omitted).

Exhaustion is a precondition to bringing a Title VII claim in federal court rather than a jurisdictional requirement. Id. Courts have explained that "[t]he significance of this distinction is that insofar as the district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, the requirement is theoretically 'subject to waiver, estoppel, and equitable tolling.'" O'Neal v. State Univ. of N.Y., No. 01 CV 7802, 2003 WL 1524664, at *4 (E.D.N.Y. Mar. 24, 2003) (quoting Francis, 235 F.3d at 767).

Here, plaintiff states that he filed charges with the EEOC on October 6, 2005. Plaintiff further annexes to his complaint a letter dated January 20, 2006 from the EEOC which evidences receipt of his charges. 42 U.S.C. § 2000e-5(f)(1) directs the EEOC to issue a right to sue notice if: (1) it dismisses the charge, or (2) 180 days have elapsed and the EEOC has not entered into a

2

conciliation agreement or filed a civil action. See Kremer v. Chemical Construction Corp., 456 U.S. 461, 465 n. 3 (1982); 42 U.S.C. § 2000e-5(f)(1). If no civil suit is filed by the EEOC or its authorized agent within 180 days of the filing of the charge, then the EEOC must notify the plaintiff. See id. § 2000e-5(f)(1); 29 C.F.R. § 1601.28. After receiving such a "notice-of-right-to-sue" letter, a plaintiff can bring a civil action. See 42 U.S.C. § 2000e-5(f)(3); 29 C.F.R. 1601.28 (e)(1). Here, 180 days have not elapsed since the filing of the charges with the EEOC on October 6, 2005.[3]

Conclusion

Accordingly, plaintiff must supplement his complaint once the EEOC issues the right to sue letter upon expiration of the 180 day period. Upon receipt, plaintiff is directed to file the right to sue letter as a supplement to his complaint. Plaintiff must also serve the right to sue letter upon defendants within thirty (30) days of receipt. All further proceedings shall be stayed until plaintiff serves and files the right to sue letter as a supplement to his complaint. If plaintiff fails to supplement his complaint as directed herein by May 4, 2006, I shall recommend that this case should be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
March 10, 2006

---

[3] 180 days from the filing of the charges with the EEOC on October 6, 2005, would be April 4, 2006.

3

**Copies mailed to:**

William DiGianni
1430 East 54th Street
Brooklyn, NY 11234


Corporation Counsel
100 Church Street
New York, NY 10007
Attn: Rippi Gill